IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. |
| TELDRIN FOSTER, | 1:20-cr-296-JPB-CMS |
| Defendant. | |

### **FINAL REPORT & RECOMMENDATION**

This case is before the Court on Defendant Teldrin Foster's Motion to Dismiss Multiplicitous Counts. [Doc. 490]. For the reasons discussed below, I will recommend that this motion be denied.

### I.  BACKGROUND

Foster is charged along with fifteen other people in a sixty-three-count Second Superseding Indictment stemming from fraudulently obtained Payroll Protection Program ("PPP") loans. [Doc. 290]. According to the Government, this case involves Darrell Thomas and others working with him (including Foster) who found "recruiters" who located businessowners who were willing to submit fraudulent PPP loans for their businesses. The indictment alleges that the scheme resulted in fourteen fraudulently obtained PPP loans being funded. [*Id.* ¶¶ 56, 59].

Foster is charged with fourteen conspiracy counts, each charged under 18 U.S.C. § 1349.  He is also charged with other substantive charges associated with those alleged conspiracies.[1]  Each of the fourteen conspiracy counts pertains to a different businessowner and a different loan.  As summarized below, the timeframes of the various conspiracies are either identical or very similar, and there is some overlap in Foster's alleged co-conspirators.  The alleged conspiracies, however, are factually distinct from one another because each one focuses on a different PPP loan with a different business receiving the loan proceeds; none involves the same loan or borrower.

| Count | Alleged Co-conspirators | Substantive Crime | Dates | Loan Recipient |
|---|---|---|---|---|
| 1 | M. Thomas | Wire Fraud | April-May 2020 | Bellator Phront Group Inc. |
| 3 | Blakely | Bank & Wire Fraud | April-May 2020 | Impact Creations LLC |
| 6 | Blakely John Gaines | Bank & Wire Fraud | April-May 2020 | Gaines Reservation and Travel |
| 9 | Christian Petty Baptiste | Bank & Wire Fraud | April-May 2020 | Transportation Management Services Inc. |
| 12 | Dixon | Bank & Wire Fraud | April-May 2020 | Lee Operations LLC |
| 15 | Dixon Blakely | Bank & Wire Fraud | April-May 2020 | RK Painting Co. |
| 18 | Dixon Parker | Wire Fraud | April-June 2020 | D Parker Holdings Inc. |

---

[1] Foster is also charged with fourteen counts of wire fraud, six counts of bank fraud, six counts of making a false statement to a federally insured bank, and one count of money laundering.

| Count | Alleged Co-conspirators | Substantive Crime | Dates | Loan Recipient |
|---|---|---|---|---|
| 20 | M. Thomas Christian Belgrave | Bank & Wire Fraud | April-June 2020 | Continuing Success Inc. |
| 23 | Dixon | Wire Fraud | April-June 2020 | All Star Room and Board Services of Michigan Inc. |
| 25 | M. Thomas Blakely Christian Hill | Wire Fraud | April-July 2020 | Infinite Education Services Inc. |
| 27 | Dixon Whittley | Wire Fraud | April-June 2020 | ML Exotic Customs Inc. |
| 30 | Ashong Sall | Wire Fraud | April-June 2020 | Bellevie Corp. |
| 32 | Christian | Wire Fraud | April-June 2020 | Advertising and Then Some Inc. |
| 34 | Christian McDuffie | Wire Fraud | April-August 2020 | Mickies Auto and Tires LLC |

In his motion, Foster argues that the fourteen conspiracy counts against him are multiplicitous because in reality, there was only one large conspiracy—not fourteen small ones. [Doc. 490 at 4]. Foster claims that he will be prejudiced if the jury sees him charged with fourteen conspiracies, and he asserts that it is unfair for him to have to defend against so many charges. [*Id.* at 4–5].

In response, the Government argues that the caselaw requires the Government to charge multiple conspiracies because this case involves a "rimless hub-and-spoke" conspiracy, in which it is not proper to charge all the defendants with a single, large conspiracy. [Doc. 532 at 2–3]. According to the Government, the evidence will show that Darrell Thomas and Foster acted as the central "hub" and worked

3

with various businessowners and recruiters—the "spokes"—to submit false loan applications. [*Id.* at 4]. The Government states that, for the most part, the spokes were aware only of their own specific loan applications, were not aware of the activities to obtain any other loans, did not interact with the other spokes, and did not depend on the other spokes for the success of their own fraudulent schemes. [*Id.*]. In *Kotteakos v. United States*, 328 U.S. 750 (1946), the Supreme Court described this type of situation as a "rimless hub-and-spoke" conspiracy, where the separate spokes met at a common center, or hub, but without the rim of the wheel to enclose the spokes. *Id.* at 755. While this legal principle results in those individuals who are in the "hub" (like Foster) being charged with multiple smaller conspiracies, but it also ensures that those individuals who are part of only a single "spoke" are charged with only the smaller conspiracy. Charging the smaller conspiracies separately in this situation ensures that individuals are punished only for the illegal schemes to which they actually agree, rather than for all of the agreements that the "hub" defendants may have entered into with other "spokes" whom the individuals had nothing to do with.

In his reply brief, Foster argues that regardless of how the Government's charging decision might affect other defendants in the case, the evidence will show

that *as it relates to him,* there was just one single overarching scheme to fraudulently obtain funds through the PPP program.  [Doc. 596 at 7–8].

## II.  DISCUSSION

Multiplicity occurs when a single offense is charged in multiple counts. *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991).  The principal danger of a multiplicitous indictment is that the defendant may receive multiple sentences for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment.  U.S. CONST. amend. V.[2]  But a secondary danger can also arise, i.e., "an adverse psychological effect on the jury may result from the suggestion that several crimes have been committed."  *United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979); *Langford*, 946 F.2d at 802.  Such prejudice arises where "the mere

---

[2] A double jeopardy issue can be addressed at any time (even post-conviction) by consolidating the counts or dismissing multiplicitous counts.  *See United States v. Ford*, No. 1:12-cr-297-TWT-ECS, 2013 WL 1337130, at *2 n.3 (N.D. Ga. Mar. 5, 2013), *report and recommendation adopted*, No. 1:12-cr-297-TWT, 2013 WL 1320739 (N.D. Ga. Mar. 29, 2013), *aff'd*, 784 F.3d 1386 (11th Cir. 2015) ("even after a verdict, any error may be remedied by vacating multiplicitous convictions and any concurrent convictions based upon those convictions").

making of the charges would prejudice the defendant with the jury." *United States v. Reed*, 639 F.2d 896, 904 n.6 (2nd Cir. 1981).

In his motion, Foster does not raise the double-jeopardy issue, but rather argues only that he will be prejudiced if he has to go to trial on an indictment containing fourteen conspiracy counts. Foster argues:

> it is critical for the issue to be resolved now, prior to trial, because the prejudice resulting from the multiplicitous indictment at trial will be great. Instead of facing one conspiracy count, Mr. Foster will be presented to the jury as having committed 14 separate conspiracy crimes, in addition to the other substantive counts. Instead of asking a jury to find him not guilty on one conspiracy count, he will have to ask the jury to find him not guilty on all 14 counts, and the sheer number of charges will undoubtedly suggest to the jury that he must be guilty of something.

[Doc. 490 at 4–5].

When, as here, the issue of multiplicity is raised in a pretrial motion to dismiss, courts have discretion to dismiss multiplicitous counts, but only if the indictment is multiplicitous ***on its face***. *See United States v. O'Sullivan*, No. 20 Cr. 272, 2021 WL 1979074, at *6 (E.D.N.Y. May 18, 2021); *United States v. Eichholz*, No. CR409-166, 2009 WL 10688080, at *4 (S.D. Ga. Dec. 14, 2009) (noting that multiplicity is a pleading rule, the violation of which is not fatal to an indictment). Otherwise, the question whether the proof establishes a single conspiracy or multiple conspiracies is an issue of fact for the jury. *See United States v. Potamitis*, 739 F.2d

784, 787 (2d Cir. 1984); *United States v. Carrozza*, 728 F. Supp. 266, 274 (S.D.N.Y. 1990) (holding that indictment charging different conspiracies that occurred at different times, for different durations, and extorted different victims was not multiplicitous).

Having reviewed the indictment, I conclude that the fourteen conspiracy counts summarized in the chart above are not ***facially*** multiplicitous because the counts appear to depend upon proof of different facts. Each count represents a distinct loan for a borrower. Moreover, the Government has proffered evidence supporting the conclusion that Foster is the "hub" of a "rimless hub-and-spoke" conspiracy, and therefore Foster is properly charged in each count. The businessowners, however, appear to be the "spokes" who directed their efforts toward obtaining a fraudulent PPP loan for their own businesses, without regard for any other potential loan, and the success of one loan application did not depend on the success of any other loan application. [Doc. 532 at 4].

Moreover, I note that Foster has not directed the Court to any cases in which a court has done what he proposes—dismiss a conspiracy count prior to trial, as multiplicitous. Instead, he relies on post-conviction cases arising in a different procedural posture, including *United States v. Anderson*, 872 F.2d 1508 (11th Cir. 1989) and *Ward v. United States*, 694 F.2d 654 (11th Cir. 1983).

7

In *Anderson*, the Eleventh Circuit was presented with an argument about sentencing. The indictment in that case charged three separate conspiracies, each alleging a violation of the same general conspiracy statute as alleged here, 18 U.S.C. § 371. The three counts charged a different statutory provision as the singular object of that particular conspiracy. After the defendants were convicted of all three counts, they argued on appeal that the trial court erred in failing to consolidate or require an election among the three conspiracy counts, and thereafter in imposing consecutive sentences upon these multiplicitous counts. The Eleventh Circuit agreed with the appellants, concluding that

> the proof at trial revealed an overall agreement, with the same overt acts, covering the same general time frame, to violate various statutory provisions concerning the procurement and sale or transfer of the same government munitions and explosives. Where the gist of the crime is a conspiracy or an agreement to commit one or more unlawful acts proscribed by different statutes, but each count charges a violation of the same general conspiracy statute, and the proof reveals a single ongoing conspiratorial agreement, only a single penalty under that conspiracy statute can be imposed.

*Anderson*, 872 F.2d at 1520. The Eleventh Circuit vacated the convictions and ordered that the defendants be resentenced. *Id.* at 1520–21.

*Ward* arose in an even more remote posture; it was an appeal of the denial of a post-conviction § 2255 motion. That case involved a multi-year conspiracy to receive stolen farm equipment, alter the identification numbers, and sell the

equipment. The defendant argued that the indictment was multiplicitous as to two conspiracy counts—one large conspiracy and one smaller conspiracy—and the Eleventh Circuit agreed. In reaching its ruling, the Eleventh Circuit stated that where "the separate conspiracies are both founded upon a general conspiracy statute, the relevant inquiry is whether there existed more than one agreement to perform some illegal act or acts." *Ward*, 694 F.2d at 661. The Court evaluated the evidence that had been presented at trial and determined that there was "substantial overlap" between the two charged conspiracies, that the smaller of the two conspiracies "was entirely subsumed in the larger conspiracy," and that the only significant differences between the counts were the different vehicles involved. *Id.* at 663. The Eleventh Circuit vacated the conviction and sentence as to the smaller conspiracy. *Id.* at 663–64.

While instructive on the legal concept of multiplicity, *Anderson* and *Ward* do not support Foster's request for pretrial dismissal of his conspiracy charges. Those cases evaluated the evidence that had been admitted at trial; they did not analyze whether ***the face of the indictment*** revealed multiplicitous counts. As demonstrated by the chart above and the Government's proffer, there appear to be sufficient differences between the proof needed to convict on the various charged conspiracy counts for those counts to survive pretrial scrutiny for multiplicity concerns.

9

Moreover, I am unpersuaded by Foster's claim of prejudice. This is not a case where "the mere making" of the charges themselves would prejudice Foster with the jury, given that he is also charged with corresponding substantive violations of law, i.e., twenty substantive fraud counts, six counts of making a false statement to a bank, and one count of money laundering. All of the same evidence likely will be introduced at trial even if he were not charged in multiple conspiracies. *See Carrozza*, 728 F. Supp. at 274 (rejecting the prejudice argument and noting that in such a situation, "[a]ny prejudice the defendants may suffer results from the strength of the Government's case and nothing else.").

For the reasons discussed above, I conclude that the fourteen conspiracy counts with which Foster is charged are not multiplicitous on their face. If the evidence at trial shows that some (or all) of the counts are multiplicitous, the Court can address the multiplicity issue post-conviction and provide adequate relief at that time. Additionally, any concerns about prejudice at trial can be addressed through proper jury instructions, if necessary. *See United States v. Siegelman*, No. 2:05 CR 119 MEF, 2006 WL 752951, at *3 (M.D. Ala. Mar. 22, 2006) (recognizing the dangers inherent in a multiplicitous indictment, but noting that the court can cure any defects in the indictment by offering appropriate instructions to the jury).

As such, Foster's motion to dismiss should be denied. *See United States v. Stapleton*, Case Nos. 13-80201-CR & 14-80151-CR, 2018 WL 9538225, at *2 (S.D. Fla. Nov. 27, 2018) (denying pretrial motion to dismiss conspiracy counts as multiplicitous where the defendant was charged with three counts of conspiracy to encourage and induce an alien to enter the United States, the dates of each charged conspiracy were different, the co-conspirators were different, and the aliens who were smuggled were different); *United States v. O'Sullivan*, No. 20-CR-272 (PKC), 2021 WL 1979074, at *6 (E.D.N.Y. May 18, 2021) (denying pretrial motion to dismiss conspiracy counts and concluding that it was not clear from the face of the indictment that challenged counts were multiplicitous); *United States v. Robinson*, No. 16-cr-545-ADS-AYS-1, 2017 WL 5135598, at *8 (E.D.N.Y. Nov. 1, 2017) (denying motion to compel election between conspiracy counts and concluding that whether the defendant engaged in multiple conspiracies to rob different individuals was "a question of fact properly submitted to a jury"); *Carrozza*, 728 F. Supp. at 274 (denying pretrial motion to dismiss on multiplicity grounds and ruling that the indictment charging different conspiracies that occurred at different times, for different durations, and extorted different victims was not multiplicitous because proof of each count required proof of different facts).

## III. CONCLUSION

I therefore **RECOMMEND** that Foster's Motion to Dismiss Multiplicitous Counts [Doc. 490] be **DENIED** without prejudice to renewal after trial. There are no other pending matters before me in this case. Accordingly, Foster's case is hereby **CERTIFIED** ready for trial. Among the multiple codefendants in this case, Foster is the final defendant to be certified.

This 11th day of April, 2023.

_____
CATHERINE M. SALINAS
United States Magistrate Judge