UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TELDRIN FOSTER,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-00296-JPB-CMS-20 |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation dated February 17, 2023 ("R. & R.") [Doc. 639] and Defendant Teldrin Foster's ("Defendant") Objections to the R. & R. [Doc. 678]. This Court finds as follows:

## BACKGROUND

Defendant is charged with conspiracy to commit bank and wire fraud, substantive counts of fraud, making a false statements and money laundering. See [Doc. 290]. Defendant's charges relate to a fraudulent Paycheck Protection Program ("PPP")[1] loan scheme, involving PPP loan applications submitted by several businesses. The R. & R. sets forth the facts of this case in detail. See

---

[1] The PPP was established as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

[Doc. 639, pp. 1–5]. The Court incorporates those facts by reference here in addition to providing a brief summary of the facts most relevant to Defendant's objections.

On March 11, 2021, United States Magistrate Judge Russell G. Vineyard issued a search warrant for information associated with T-Mobile accounts tied to seven cell phone numbers (the "Target Cell Phones"), including one used by Defendant. See [Doc. 493-1]. The warrant authorized the Government to seize information that constituted "fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 1343 (Wire Fraud), 1344 ([B]ank [F]raud), 1028A (Aggravated Identify Theft), 1956 and/or 1957 (Money Laundering), and conspiracy to commit these offenses." Id. at 39. This warrant is the subject of Defendant's Motion to Suppress [Doc. 493] and the corresponding R. & R. [Doc. 639].

FBI Special Agent Joseph D. Stites submitted an affidavit in support of the search warrant that Judge Vineyard issued. [Doc. 493-1, pp. 1–34]. Special Agent Stites's supporting affidavit contained evidence of Defendant's involvement in a fraudulent PPP loan scheme—specifically, Defendant's fabrication of supporting documents associated with businesses' PPP loan applications. Id. at 11. The affidavit also included facts showing that money was laundered in connection with

the scheme.  Id. at 13–18.  One method of money laundering discussed in the affidavit was the use of Rapid Pay Cards, on which loan proceeds were deposited for business applicants' purported employees.  Id. at 16–17.  Special Agent Stites averred that he had probable cause to believe that the Target Cell Phones "were carried and utilized by the conspirators who used the Rapid Pay Cards . . . to launder fraudulently obtained PPP loan proceeds while making the transactions appear as if they [were] legitimate payroll expenses." Id. at 18.  Additionally, Special Agent Stites explained that the disclosure of historical cell-site information from the Target Cell Phones would assist investigating agents in determining who used the Rapid Pay Cards issued to purported employees.  Id. at 27.  With respect to Defendant, the affidavit shows that one Rapid Pay Card, issued in Defendant's name, was used to make approximately $8,554.10 in purchases and ATM withdrawals at various locations in and around Atlanta, Georgia, where Defendant resides.  See id. at 25.

On June 10, 2022, Defendant moved to suppress the seized "evidence from T-Mobile related to his cell phone number, including the cell-site data." [Doc. 493, p. 4].  He argued that the affidavit did not provide probable cause "as it relates to Mr. Foster's phone information." Id. at 2.  In an R. & R. dated February 17, 2023, United States Magistrate Judge Catherine M. Salinas recommended denying

3

Defendant's Motion.  [Doc. 639, p. 10].  Following extensions granted by this Court, Defendant filed objections to the R. & R. on May 12, 2023.  [Doc. 678].  The R. & R. is ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

As stated above, Defendant filed objections to the R. & R.  See [Doc. 678]. Defendant's objections are discussed in turn below.

### I. First Objection

Defendant first objects that the R. & R. failed to address Defendant's argument related to the overbreadth of the warrant. [Doc. 678, p. 5]. In his objections, Defendant argues that "the warrant requested over seven months of data without justifying why data from such a lengthy amount of time was necessary or appropriate." Id.  As Defendant acknowledges in his objections, this argument was not raised in Defendant's Motion.[2]  See [Doc. 493]; [Doc. 678, p. 4]. Rather, Defendant raised this additional argument in his Reply. [Doc. 597, pp. 4–6]; [Doc. 678, p. 4] ("In response to the government's response. . . Mr. Foster also argued that the affidavit was overbroad and lacked specificity."). Because this argument was not raised in the original motion, the Court declines to consider it. See, e.g., Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a

---

[2] Instead, Defendant's Motion focuses on the alleged lack of probable cause to support the warrant based on insufficient information connecting Defendant to the use of Rapid Pay Cards. The timeframe associated with the warrant is not mentioned. See [Doc. 493].

5

reply brief are not properly before a reviewing court.'") (citing <u>United States v. Coy</u>, 19 F.3d 629, 632 n. 7 (11th Cir. 1994)).

### II. Second Objection

Defendant next objects to the Magistrate Judge's conclusion that there was sufficient probable cause to issue the search warrant and seize records from Defendant's cell phone. This Court finds that there was sufficient information included in the affidavit to support a finding of probable cause. The Eleventh Circuit Court of Appeals has explained that

> [p]robable cause exists when under the totality-of-the-circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. In other words, probable cause exists where the facts lead a reasonably cautious person to believe that the search will uncover evidence of a crime.

<u>United States v. Tobin</u>, 923 F.2d 1506, 1510 (11th Cir. 1991) (citation and quotations omitted). The affidavit in support of a search warrant, then, must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the [location] to be searched." <u>United States v. Martin</u>, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). The task of this Court is "only to determine whether there is substantial evidence in the record supporting the magistrate judge's decision to issue the warrant," rather than conduct a *de novo* determination of probable cause. <u>United States v. Bushay</u>, 859 F. Supp. 2d 1335,

6

1379 (N.D. Ga. 2012) (citing Massachusetts v. Upton, 466 U.S. 727, 728 (1984)). Indeed, reviewing courts are to accord "great deference" to a magistrate judge's determinations of probable cause to issue a search warrant. United States v. Leon, 468 U.S. 897, 914 (1984); Martin, 297 F.3d at 1317.

Defendant objects that the allegation that Defendant was involved in the preparation of fraudulent PPP loan applications does not establish probable cause to believe that his cell site data and related information would contain evidence of that crime. [Doc. 678, p. 7]. But that is not all that the affidavit showed. Special Agent Stites's affidavit contained facts to show: (1) Defendant's involvement in the alleged PPP loan fraud scheme, (2) that Rapid Pay Cards were utilized to launder proceeds of the alleged scheme, (3) that a Rapid Pay Card was issued in Defendant's name[3], (4) that the Target Cell Phones were carried and used by conspirators who used Rapid Pay Cards to launder fraudulently obtained PPP funds and (5) that the disclosure of historical cell-site information from the Target Cell

---

[3] Defendant argues that there are insufficient allegations in the warrant affidavit to show that he actually received and used the Rapid Pay Card, "as opposed to being simply one of the many other individuals whose names and information Darrell Thomas (and others) used to obtain Rapid Pay Cards." [Doc. 678, p. 10]. This Court disagrees. The facts in the affidavit tie Defendant to the alleged scheme. This differentiates him from "the many other individuals" whose names and information were used without their knowledge and who were not tied to the alleged scheme. In light of this difference, that a Rapid Pay Card was issued in Defendant's name is one more fact in support of probable cause that he received and used the Rapid Pay Card to access proceeds of fraudulent PPP loans.

7

Phones would assist investigating agents in determining who used the Rapid Pay Cards issued to purported employees. [Doc. 493-1, pp. 11, 14–18, 25–27]. Given these facts, under the totality of the circumstances, the affidavit contained "facts sufficient to justify a conclusion that evidence or contraband will probably be found at the [location] to be searched." Tobin, 923 F.2d at 1510; Martin, 297 F.3d at 1314 (citation omitted). Defendant's objection is **OVERRULED.**

### III.   Third Objection

Finally, in providing additional reasoning for her conclusion, the Magistrate Judge explained in the R. & R.,

> [E]ven if Foster did not use the card, the historical cell site information could still be evidence of money laundering and/or aggravated identify theft against Darrell Thomas or other individuals. It was not necessary for Agent Stites to state a probable cause basis to believe that Foster committed any of the crimes under investigation. Rather, he had to show only that there was probable cause to believe that evidence of a crime— not evidence related to a specific criminal—would be found in the data and information described in the warrant.

[Doc. 639, pp. 8–9]. Defendant objects to this conclusion of the R. & R. [Doc. 678, p. 15]. However, because the Court has found that probable cause existed to believe Defendant used a Rapid Pay Card to launder proceeds of the alleged PPP scheme, the Court need not address Defendant's objection on this ground. Defendant's third objection is **OVERRULED**.

## CONCLUSION

The Court has carefully reviewed both R. & R. and all objections thereto. The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED** in their entirety. Accordingly, the Court **APPROVES AND ADOPTS** the R. & R. [Doc. 639] as the order of the Court. For the reasons stated by the Magistrate Judge, Defendant's motion [Doc. 493] is **DENIED**.

**SO ORDERED** this 22nd day of January, 2024.

J. P. BOULEE
United States District Judge