UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TELDRIN FOSTER,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-00296-JPB-CMS-20 |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation dated April 11, 2023 ("R. & R.") [Doc. 661] and Defendant Teldrin Foster's ("Defendant") Objections to the R. & R. [Doc. 679]. This Court finds as follows:

## BACKGROUND

Defendant is charged with conspiracy to commit bank and wire fraud, substantive counts of fraud, making false statements and money laundering. See [Doc. 290]. Defendant's charges relate to a fraudulent Paycheck Protection Program ("PPP")[1] loan scheme, involving PPP loan applications submitted by several businesses. The R. & R. sets forth the facts of this case in detail. See

---

[1] The PPP was established as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

[Doc. 661, pp. 1–5]. The Court incorporates those facts by reference here in addition to providing a brief summary of the facts most relevant to Defendant's objections.

In short, Defendant is charged with, among other counts, fourteen conspiracy counts under 18 U.S.C. § 1349. [Doc. 290]. Each count pertains to a different business and business owner or group of owners. [Doc. 661, pp. 2–3]. The timeframes of the fourteen conspiracies are similar and, in some cases, the same, but none of them involve the same loan or borrower. Id.

On June 10, 2022, Defendant filed a Motion to Dismiss Multiplicitous Counts, arguing that the fourteen conspiracy counts are multiplicitous because there was only one large conspiracy, rather than fourteen small ones. [Doc. 490, p. 4]. Defendant contends that he will be prejudiced if he is required to go to trial on an indictment of fourteen conspiracy counts because he would be presented to the jury as having committed fourteen separate conspiracy crimes, and the sheer number of charges would suggest to the jury that he must be guilty. Id. at 4–5.

In response, the Government argues that the evidence in this case will show a "rimless hub-and-spoke" criminal enterprise, which under Kotteakos v. United States, should be charged as multiple conspiracies rather than one large conspiracy. 328 U.S. 750 (1946); [Doc. 532, p. 1]. Thus, the Government avers, the fourteen

2

conspiracy counts are not multiplicitous.  Id.  In reply, Defendant argues that the conspiracy was not a hub and spoke conspiracy.  See [Doc. 596].

On April 11, 2023, United States Magistrate Judge Catherine M. Salinas issued the instant R. & R. recommending that Defendant's Motion be denied. [Doc. 661].  The Magistrate Judge determined that the counts should not be dismissed because the indictment was not multiplicitous on its face.  Id. at 7. Moreover, the Magistrate Judge concluded that the Government has provided evidence supporting the conclusion that this case involves a rimless hub-and-spoke enterprise of many small conspiracies, meriting distinct conspiracy counts.  Id. Defendant then filed objections to the R. & R., arguing that the Magistrate Judge erred by (1) applying the multiplicitous "on its face" standard; (2) concluding that the indictment is not multiplicitous because the counts involved separate loan applications; (3) failing to meaningfully address whether the Government had charged a rimless wheel conspiracy; and (4) finding that Defendant would not be prejudiced by the multiplicitous indictment.  [Doc. 679].

The R. & R. is ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447

U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

Upon review of the R. & R., the Court finds no reason to depart from the Magistrate Judge's findings.  First, Defendant argues that the Magistrate Judge relied on non-binding case law in applying the "multiplicitous on its face" standard.  However, Defendant provides no contradictory authority and offers no alternative standard to apply.  Further, upon review of the cases on which the Magistrate Judge relies, the Court finds that those cases adequately support the

standard adopted by the Magistrate Judge.  Defendant's objection on this basis is **OVERRULED**.

Next, Defendant objects to the Magistrate Judge's conclusion that the indictment is not multiplicitous because the counts involved separate loan applications.  In United States v. Anderson, the Eleventh Circuit Court of Appeals held that a defendant may be charged for multiple counts under the same general conspiracy statute only if there exist multiple conspiratorial agreements.  872 F.2d 1508, 1520 (11th Cir. 1989).  The Magistrate Judge concluded the government proffered evidence that this case involves an alleged hub-and-spoke enterprise, involving many distinct conspiratorial agreements.  See Kotteakos, 328 U.S. at 754–55.  Each of these distinct conspiracies justifies a unique count under Anderson.  Moreover, the Eleventh Circuit has held that "charges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact." United States v. Woods, 684 F.3d 1045, 1060 (11th Cir. 2012).  The Government has alleged that each of the fraudulent loan applications are supported by different facts, involving independent loans for different businesses and owners.  Defendant's objection on this basis is likewise **OVERRULED**.

In his third objection, Defendant contends that the Magistrate Judge's findings did not meaningfully address whether the government had charged a

rimless wheel conspiracy.  The Court finds that the Magistrate Judge sufficiently considered this issue and, upon review, agrees with the Magistrate Judge's determination.  See [Doc. 661, pp. 3–4, 7].  The Government has proffered that, at trial, the evidence will show that Defendant acted as a central "hub," working with various businessowners and recruiters (the "spokes") to submit different false loan applications for various businesses.  [Doc. 532, p. 4].  The Government has also averred that the "spokes" were generally unaware of the activities associated with the other loan applications, and the success of their independent loan applications did not depend upon the success of the other fraudulent loans.  See id.  And, in finding that the government proffered evidence of a rimless hub-and-spoke conspiracy, the Magistrate Judge correctly determined that the Court may deny Defendant's pretrial motion and permit the case to proceed to trial, allowing the jury to determine whether the government's proof, in fact, established a single conspiracy or multiple.  See United States v. Miller, 156 F. App'x 281, 291 (11th Cir. 2005).

    Finally, because this Court has concluded that the Magistrate Judge did not err in finding that the indictment is not multiplicitous on its face (and, based on the Government's proffer of evidence, Defendant is properly charged with fourteen conspiracy counts), the Court is not persuaded that Defendant will be unfairly

prejudiced by the indictment at trial. Moreover, the Court agrees with the Magistrate Judge that "this is not a case where the mere making of the charges themselves would prejudice [Defendant] with the jury," given his corresponding charges of substantive violations of law; "[a]ll the same evidence likely will be introduced at trial even if he were not charged in multiple conspiracies." [Doc. 661, p. 10] (internal quotation omitted); see United States v. Carrozza, 728 F. Supp. 266, 274 (S.D.N.Y. 1990). And, as the Magistrate Judge made clear in the R. & R., if the evidence at trial shows that some or all of his conspiracy counts are in fact mutiplicitous, Defendant is free to renew his motion after trial, and the Court may provide adequate relief at that time. See United States v. Smith, 591 F.2d 1105, 1108 (5th Cir. 1979) (explaining that the principal danger of a multiplicitous indictment is that the defendant may receive multiple sentences for the same offense and that a remedy is available to a defendant at any time should that occur).[2] Defendant's objection is **OVERRULED**.

---

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## CONCLUSION

The Court has carefully reviewed both the R. & R. and all objections thereto. The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED** in their entirety. Accordingly, the Court **APPROVES AND ADOPTS** the R. & R. [Doc. 661] as the order of the Court. For the reasons stated by the Magistrate Judge, Defendant's Motion [Doc. 490] is **DENIED** without prejudice to renew after trial if desired.

**SO ORDERED** this 23rd day of January, 2024.

J. P. BOULEE
United States District Judge